**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

A.C. JACKSON,

        Petitioner-Appellant,

v.

SECRETARY OF CORRECTIONS;
THE STATE OF KANSAS;
L.E. BRUCE, Warden, Ellsworth
Correctional Facility; KANSAS
PAROLE BOARD; ATTORNEY
GENERAL OF KANSAS,

        Respondents-Appellees.

No. 98-3042
(D.C. No. 96-CV-3303)
(D. Kan.)

**ORDER AND JUDGMENT** [*]

Before **BALDOCK** , **EBEL** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner A. C. Jackson, a Kansas state inmate confined in Ellsworth Correctional Facility, seeks a certificate of appealability to appeal the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  In order to show entitlement to a certificate of appealability, an appellant must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is met by a showing that the issues raised "are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings."  United States v. Sistrunk, 111 F.3d 91, 91 (10th Cir. 1997).

In 1972, petitioner began serving a life sentence imposed by the Kansas state court.  He was paroled by the Kansas Parole Board to Missouri, but subsequently convicted of Missouri state burglary and theft charges.  After serving his Missouri sentence, he was returned to Kansas as a parole violator. Based on the Missouri convictions, the Kansas Parole Board revoked his parole on December 7, 1995, indicating that he would be again considered for parole in August 1996.  The Parole Board, however, has continued to deny parole.

In the district court, petitioner asserted that he is entitled to habeas relief for errors related to his arrest and detention on the parole violation warrant, his

resulting extradition from Missouri to Kansas, and his parole revocation proceedings. The district court analyzed each of petitioner's claims, including: (1) unlawful detention in Missouri; (2) denial of due process during a probable cause hearing; (3) denial of due process upon his extradition to Kansas; (4) violation of his liberty interests by the revocation of parole and the continued denial of parole; and (5) unconstitutionality of the Uniform Act for Out-of-State Parolee Supervision, see Kan. Stat. Ann. § 22-4101. The district court determined that petitioner had failed to exhaust his state court remedies, see 28 U.S.C. § 2254(b)(1)(A) and that, even if the claims were properly presented for federal review, they lacked merit. It denied the petition for habeas relief and, subsequently, petitioner's request for a certificate of appealability.

After a review of the record, we agree with the district court for the reasons stated in its order of January 29, 1998. Because we conclude that Petitioner has not made a substantial showing of the denial of a constitutional right, we DENY his request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-3-